UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RAGHID HALABO, et al.,

    Plaintiffs,

v.

KYLE MICHAEL, et al.,

    Defendants.

_____/

Case No. 21-12528
Honorable Victoria A. Roberts

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 7]**

**I.     INTRODUCTION**

Raghid Halabo and Detroit Check Cashing ("Plaintiffs") bring this action against the Michigan State Police ("MSP") and two of its members, Lieutenant Theresa Maylone and Detective Kyle Michael ("Defendants"). Plaintiffs allege Defendants violated their constitutional rights while executing search warrants in May 2021. They assert federal claims under 42 U.S.C. §§ 1983 and 1985 and four state law claims.

Before the Court is Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6). [ECF No. 7].

For the reasons below, the Court **GRANTS** Defendants' motion.

## II. BACKGROUND

The following facts are taken from the complaint and exhibits to the complaint.

On May 25th, 2021, Maylone and Michael – along with other members of the MSP – executed search warrants at 18232 Fenkell/18225 Grand River, Detroit, MI 48223. 18232 Fenkell is the registered address of Detroit Check Cashing – a business owned and operated by Halabo. It engages primarily in check cashing and in processing other similar financial transactions. Both addresses are associated with a single structure.

Defendants conducted the search as part of a criminal fraud investigation into non-party Rivert Dali ("Dali") – an individual who was leasing space from Halabo at the Detroit Check Cashing location at the time of the search.

The search warrants permitted Defendants to search both addresses. Among other things, the warrants directed officers to: (1) search all rooms, containers, closets, compartments, and areas of the structure accessible by employees and/or the owner of the building, including all safes, lock boxes, and other locked containers; and (2) seize all money and gift cards, as well as other personal and business records and property. Wayne County District Judge Sean P. Kavanaugh issued the search warrants.

Plaintiffs allege the search resulted in the seizure of business and personal property – including United States currency – valued in excess of one million dollars. They say none of the seized cash belonged to the target of the investigation – i.e., Dali – but belonged entirely to Halabo and represented legitimate income from his check cashing business.

Plaintiffs filed this case in October 2021.

Plaintiffs assert six causes of action – Counts I-VI, respectively: (1) unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments; (2) violation of 42 U.S.C. § 1985; (3) gross negligence; (4) abuse of process; (5) civil conspiracy; and (6) statutory conversion.

Counts II, V, and VI are against all Defendants; Counts I, III, and IV are against the individual Defendants only. Plaintiffs assert their claims against Michael and Maylone in their official and individual capacities.

Plaintiffs seek compensatory and punitive damages against Defendants as well as injunctive relief.

Defendants move to dismiss the complaint. The motion is fully briefed. A hearing is unnecessary.

**III.  STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss claims that lack subject matter jurisdiction. Eleventh Amendment immunity is a

"threshold defense," typically raised in a motion to dismiss under Rule 12(b)(1). *Nair v. Oakland Cty. Cmty. Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006). The party asserting Eleventh Amendment immunity has the burden to demonstrate entitlement to that immunity. *Id.* at 474.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). The question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the]

4

complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Defendants say the Eleventh Amendment bars: (1) Counts I and II to the extent they are alleged against Michael and Maylone in their official capacities; and (2) Count II against MSP. The Court agrees.

#### i. MSP is Immune from Suit

It is well-established that the Eleventh Amendment bars suits against a state by its citizens or citizens of another state unless the state waives its

sovereign immunity or unequivocally consents to be sued. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (observing that "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003). "In addition to the states themselves, the Eleventh Amendment immunizes departments and agencies of the states." *Dubuc*, 342 F.3d at 615; *Pennhurst,* 465 U.S. at 100. Eleventh Amendment immunity is jurisdictional in nature. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("The sovereign immunity guaranteed by [the Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity.").

Plaintiffs say their suit is not barred because it is against the MSP, not the State of Michigan. They are wrong.

The MSP is a department of the State of Michigan created by statute, *see* Mich. Comp. Laws § 16.250; it is entitled to Eleventh Amendment immunity. *Lavrack v. City of Oak Park*, 194 F.3d 1313, 1999 WL 801562, at *2 (6th Cir. Sept. 28. 1999); *Scott v. Michigan*, 173 F. Supp. 2d 708, 714

(E.D. Mich. 2001). Moreover, the State of Michigan has not consented to being sued in civil rights actions in federal court, and Congress has not abrogated Michigan's sovereign immunity with respect to Plaintiffs' claims. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

The Eleventh Amendment bars Plaintiffs' claim against the MSP. The Court dismisses Count II against the MSP for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### ii. Official Capacity Claims Against Michael and Maylone

The United States Supreme Court extended Eleventh Amendment immunity to state officials sued in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.*

"However, there is an exception to States' sovereign immunity under the doctrine announced in *Ex parte Young*, 209 U.S. 123 (1908) . . . . 'In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law.'" *Russell*, 784 F.3d at 1046-47 (citation omitted); *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) ("[T]he [Eleventh] Amendment does not bar a suit

7

against a state official seeking prospective injunctive relief to end a continuing violation of federal law."). The *Ex parte Young* exception does not extend to any retroactive relief. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 508 (6th Cir. 2008).

In determining whether the *Ex parte Young* exception applies, the Court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation omitted). Where the "alleged constitutional deficiency . . . is a one-time, past event" and the plaintiff is not seeking a state official to conform his or her conduct "in an ongoing, continuous fashion," the relief is retroactive – not prospective – and the *Ex parte Young* exception does not apply. *See S & M Brands*, 527 F.3d at 509-10.

Plaintiffs say that because they requested injunctive relief, the Eleventh Amendment does not bar their official capacity claims against Michael and Maylone. While Plaintiffs do request injunctive relief, they are incorrect that the *Ex parte Young* exception applies to allow them to avoid Eleventh Amendment immunity.

The injunctive relief Plaintiffs request is "the immediate return of any and all property belonging to the Plaintiffs." [ECF No. 1, PageID.12]. This relief is retroactive in nature. Where plaintiffs seek injunctive relief for a past wrong, the Eleventh Amendment bars the suit. *S & M Brands*, 527 F.3d at 509-10. Like plaintiffs in *S & M Brands*, these Plaintiffs seek relief for the allegedly unconstitutional search and seizure – i.e., "a past, one-time [action] of the [Defendants] that purportedly violated [Plaintiffs'] federal constitutional rights." *Id.* (holding that sovereign immunity barred plaintiff's request for injunctive relief where the "alleged constitutional deficiency [was] a one-time, past event" and there was no ongoing violation of federal law). Similar to the alleged constitutional violation in *S & M Brands*, the alleged wrong here is not ongoing; indeed, the search and seizure occurred on May 25th, 2021.

The Eleventh Amendment applies and bars Plaintiffs' official capacity claims against Michael and Maylone in Counts I and II. *See id.* The Court dismisses those claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### B. Counts I and II Fail to State a Claim

Defendants say the Court should dismiss Counts I and II against Michael and Maylone in their individual capacities for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

#### i. Count I

In Count I, Plaintiffs seek relief under 42 U.S.C. § 1983 for alleged violations of their Fourth and Fourteenth Amendment rights. Plaintiffs allege the individual Defendants violated their: (1) due process rights under the Fourteenth Amendment; (2) equal protection rights under the Fourteenth Amendment; and (3) Fourth Amendment right to be free from unreasonable searches and seizures.

Plaintiffs fail to respond to Defendants' arguments regarding their Fourth Amendment claim and equal protection claim. Plaintiffs abandoned these claims.

Plaintiffs do respond to Defendants' effort to dismiss their due process claim, and they attempt to add a Fifth Amendment Takings Clause claim.

Plaintiffs did not plead an unconstitutional takings claim in the complaint, and they cannot add it in their response to Defendants' motion. Plaintiffs' attempt to add this claim fails. Moreover, even if Plaintiffs had

pled such a claim, it would fail as a matter of law.  See *Bennis v. Michigan*, 516 U.S. 442, 452-53 (1996) (holding that a state's seizure and retention of property as part of a criminal investigation is not a "taking" under the Fifth Amendment and does not give rise to a claim for just compensation); *Ostipow v. Federspiel*, 824 Fed. Appx. 336, 341 (6th Cir. 2020) ("[I]t is well settled that a state's seizing and retaining property as part of a criminal investigation is not a 'taking' for a "public purpose" under the Fifth Amendment.").

Plaintiffs' due process claim also fails.

Plaintiffs assert that they were deprived of property without procedural due process in violation of the Fourteenth Amendment.  In support of the claim, Plaintiffs allege that the individual Defendants seized their property without notice or a hearing while executing the search warrants.

As Defendants point out, Plaintiffs' due process claim is premised on the same facts as their Fourth Amendment claim – i.e., the seizure of their property.  As a result, the Court must analyze this claim "under the Fourth Amendment rather than the Fourteenth Amendment's Due Process Clause [because] the Fourth Amendment provides an explicit textual source of constitutional protection against unreasonable searches and seizures of

11

'houses, papers, and effects,' and thus is preferred over the Fourteenth Amendment's more generalized notion of protection of property." *See Burns v. Bitnar*, 221 F.3d 1333, 2000 WL 876550, at *1 (6th Cir. June 22, 2000) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)).

To state a claim under the Fourth Amendment, Plaintiffs must allege facts showing that Defendants' actions: (1) constituted a "search" or "seizure" within the meaning of the Fourth Amendment; and (2) were "unreasonable" in light of the surrounding circumstances. *Brower v. Cty. of Inyo*, 489 U.S. 593, 599 (1989) ("'Seizure' alone is not enough for § 1983 liability; the seizure must be 'unreasonable.'").

It is undisputed that there was a seizure. At issue is whether Plaintiffs sufficiently allege that the seizure was "unreasonable." They do not.

The seizure of property pursuant to an unchallenged search warrant is not unreasonable and does not violate the Fourth Amendment. *See Fox v. Van Oosterum*, 176 F.3d 342, 350 (6th Cir. 1999); *Burns*, 2000 WL 876550, at *1 (holding that the seizure was not unreasonable where defendant officers acted pursuant to a valid warrant).

Plaintiffs do not assert that the search warrants were invalid. To the contrary, Plaintiffs concede that the "probable cause basis for the execution of the respective search warrants was in connection with alleged criminal

12

and fraudulent activities being engaged by investigation target Rivert Dali." [ECF No. 1, PageID.5]. Plaintiffs' complaint is nothing more than legal conclusions couched as factual allegations which fail to set forth a plausible claim to relief. *Twombly*, 550 U.S. at 555, 570. Because Plaintiffs fail to allege facts that demonstrate an unreasonable seizure, they fail to state a claim under the Fourth Amendment.

The Court dismisses Count I against Michael and Maylone in their individual capacities pursuant to Fed. R. Civ. P. 12(b)(6).

### ii. Count II

In Count II, Plaintiffs attempt to assert a claim under 42 U.S.C. § 1985. They allege that, through force, violence, and intimidation, "Defendants conspired to prevent and deprive Plaintiffs . . . of their entitled equal protection of the laws and from enjoying and exercising their entitled rights and privileges, including but not limited to, their right to be secure in their persons, papers and effects against unreasonable searches and seizures, including being subjected to a seizure of property in excess of $1m." [ECF No. 1; PageID.13].

Defendants say this claim fails as a matter of law because Plaintiffs failed to allege a "conspiracy involving two or more persons" – as required

to establish a violation of 42 U.S.C. § 1985(3), *see Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Defendants are correct.

Because the individual Defendants are members of the MSP, they are not considered separate people for purposes of § 1985(3) conspiracy. *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991) ("Since all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy.").

The Court dismisses Count II against Michael and Maylone in their individual capacities for failure to state a claim.

## C. The Court Declines to Exercise Supplemental Jurisdiction Over Counts III-VI

Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction."

Since the Court dismisses Plaintiffs' federal claims – i.e., the only claims over which the Court has original jurisdiction – the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of

considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

The Court **DISMISSES** Counts III-VI **WITHOUT PREJUDICE**.

## V.   CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' motion to dismiss [ECF No. 7].

Plaintiffs' complaint is **DISMISSED.**

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  March 30, 2022